This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39390**

**DEBRA P. VOUGHT as Permanent Guardian acting on behalf of JARED R. WEST,**

Plaintiff-Appellant,

v.

**SAN JUAN COUNTY NEW MEXICO d/b/a SAN JUAN ADULT CORRECTIONAL FACILITY, THOMAS HAVEL, SHAWN GREEN, and JORGE RODRIGUES,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Rosalind B. Bienvenu
Justin R. Kaufman
Santa Fe, NM

Eric Sirotkin
Thomas Jameson
Santa Fe, NM

for Appellant

Childress Law Firm, LLC
Ronald J. Childress
Urvashi Parkhani
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Plaintiff Debra Vought, on behalf of Jared West, appeals the district court's directed verdict in favor of Defendant San Juan County (the County) on Plaintiff's municipal liability claim under 42 U.S.C. § 1983. On appeal, Vought argues that (1) though she did not specifically plead a municipal liability claim, the County was on notice of her claim based on her filings; (2) the grant of directed verdict violated West's constitutional rights to a jury trial; and (3) the County's cost award should be reversed. After a thorough review of the record, we determine that Vought did not plead a § 1983 municipal liability claim and did not implicitly raise the issue such that the County was on notice of the claim. We therefore affirm. Because we affirm, we do not reach the question of the County's cost award.

**DISCUSSION**

**{2}** Vought argues that the County was on notice of a § 1983 municipal liability claim against it because (1) her second amended complaint contained several "custom, policy, and practice allegations against the County"; (2) her discovery responses reflected that she was bringing a municipal liability claim; (3) the joint list of claims submitted to the district court and the pretrial order reflected that the County was on notice of her municipal liability claims; (4) her proposed jury instructions reflect that she was bringing a municipal liability claim; and (5) the County's motion for partial summary judgment reflects that it was aware of a municipal liability claim. We disagree and explain.

**{3}** "We review de novo the district court's decision on a motion for a directed verdict." *Richter v. Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶ 56, 326 P.3d 50. "Generally, the trial court may not grant judgment for relief which is neither requested by the pleadings nor within the theory on which the case was tried." *Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 19, 133 N.M. 248, 62 P.3d 339 (internal quotation marks and citation omitted). It is only "when issues not raised by the pleadings are tried by the express or implied consent of the parties, [that] they are treated in all respects as if they had been raised in the pleadings." *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 18, 120 N.M. 133, 899 P.2d 576 (internal quotation marks and citation omitted).

**{4}** "Although our liberal rules of notice pleading do not require that specific evidentiary detail be alleged in the complaint," *Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 22, Vought does not allege facts showing municipal liability. In her second amended complaint, Vought raises a "§ 1983 claim against individual [County] defendants only" and alleges that the actions of the individual County defendants violated West's rights. The second amended complaint does not allege that the County had a custom or practice of deliberately violating inmates' constitutional rights, that it failed to properly train its officers, or that such failure was widespread. *See Griego v.*

*City of Albuquerque*, 100 F. Supp. 3d 1192, 1212 (D.N.M. 2015) ("To establish municipal liability under § 1983, a plaintiff must demonstrate: (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged. When a claim is brought against a municipality for failing to train its officers adequately, the plaintiff must show that the municipality's inaction was the result of deliberate indifference to the rights of its inhabitants. Establishing an informal policy or custom requires the plaintiff to show that the misconduct was 'widespread'—i.e., that it involved a 'series of decisions.'" (citations omitted)). "We acknowledge that our standard of notice pleading allows a plaintiff to state only general allegations of conduct in a complaint, but we will not read into a complaint matters which it does not contain." *Anderson v. State*, 2022-NMSC-019, ¶ 44, 518 P.3d 503 (citation omitted).

**{5}**     While Vought concedes that her complaint was not worded to reflect a municipal liability claim, she argues that many of her filings below placed the County on notice of such a claim. We disagree, for the record does not reflect that Vought raised the issue of municipal liability sufficient to put the County on notice. Vought only directly addresses municipal liability in a single interrogatory response where she alleges that "the County had a custom, practice or policy to engage in these acts or omissions" and lists several acts that pertain specifically to West's treatment while incarcerated. Thus, regardless of whether Vought sufficiently alleged a causal link between any County policy and West's treatment, Vought did not allege any facts or present any evidence indicating that what happened to West was the result of deliberate indifference or more than an isolated incident. "A single incident is insufficient to establish the existence of a custom or practice." *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1187 (D.N.M. 2014).

**{6}**     We note that in Vought's brief on appeal, rather than challenging the written County policy as unconstitutional, Vought points to violations of that County policy by employees at the jail. Without evidence that this conduct was widespread, so widespread as to amount to a custom in conflict with the County's written policy, violations of County policy support only claims of § 1983 violations by individual officials or employees at the jail. They do not support County liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (municipalities may be held liable under § 1983 only for acts officially sanctioned or ordered by an official policy).

**{7}**     "The sufficiency of evidence presented to support a legal claim or defense is a question of law for the trial court to decide." *Sunwest Bank of Clovis, N.A. v. Garrett*, 1992-NMSC-002, ¶ 9, 113 N.M. 112, 823 P.2d 912. Because Vought presented no evidence that what occurred was more than an isolated incident, Vought did not create an issue of fact regarding municipal liability on the part of the County under § 1983. The district court did not err in directing a verdict on this issue.[1]

---

[1]Because the district court did not err in directing a verdict, Vought's constitutional right to a trial by jury was not violated. "[I]f the evidence fails to form an issue of fact, the right to jury trial disappears." *Sanchez v. Gomez*, 1953-NMSC-053, ¶ 22, 57 N.M. 383, 259 P.2d 346.

**{8}**     We therefore affirm the district court's directed verdict. Because Vought only seeks reversal of the County's cost award if the directed verdict is reversed, we do not reach Vought's argument regarding the County's cost bill.

**CONCLUSION**

**{9}**     Based on the foregoing, we affirm.

**{10}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**